**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Tito SALAZAR–CRUZ, aka Omaro Victoriano–Cruz, Tito Cruz–Salazar, Omaro Escovedo, Defendant—Appellant.**

No. 03–10298.

D.C. No. CR–02–00309–SMM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Joseph Edward Koehler, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Atmore L. Baggot, Atmore Baggot Attorney at Law, Apache Junction, AZ, for Defendant–Appellant.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM**

Tito Salazar–Cruz appeals his jury trial conviction and 60–month sentence for illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction, and remand the sentence.

Salazar–Cruz contends that the judge's jury instructions impermissibly changed an element of his crime under § 1326, in violation of the Fifth Amendment. The record belies the contention. The judge first informed the jury of the elements of the offense. The judge then further clarified the meaning of the "found in" requirement and provided elaboration on this element. This was not an impermissible amendment of the indictment. Accordingly, we affirm the conviction.

Because Salazar–Cruz was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (concluding that a

limited remand is warranted in all pending direct appeals involving unpreserved *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), errors, whether constitutional or nonconstitutional).

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.